### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BISHOP & DIEHL, LTD (f/d/b/a BISHOP, DIEHL & LEE, LTD), an Illinois corporation | ) ) ) | Case No. 1:25-cv-05395 |
| Plaintiff, | ) ) | Judge John F. Kness |
| v. | ) ) | Magistrate Judge Heather K. McShain |
| NICHOLAS LEE and ZHANG HENG (a/k/a HENRY RICH or WEISITE) | ) ) ) ) | JURY DEMAND REQUESTED |
| Defendants. | ) ) | |

### PLAINTIFF'S SUPPLEMENT IN SUPPORT OF ITS
### EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff Bishop & Diehl, Ltd., (the "Firm" or "Bishop Diehl"), through their undersigned counsel, respectfully submits this supplement regarding the parties' attempts at an agreed injunction as to the use of Plaintiff's likeness.

1.      On August 21, 2025, the Court held a telephonic hearing regarding Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and directed counsels for Plaintiff and Heng to meet and confer on an agreed injunction as to the use of Plaintiff's name, brand and related information.[1] (Dkt. 31).  Plaintiffs' motion also seeks to restrain Heng's assets in the United States and allow expedited discovery regarding Heng's assets in the United States.  The Court did not ask the parties to meet and confer on these aspects of Plaintiffs' motion.

2.      Over the last two weeks, counsel for Plaintiff and counsel for Heng exchanged a draft with edits and had telephonic communications about an agreed order.  The parties have

---

[1] The motion was initially filed as an *ex parte* motion on July 23, 2025; however, after counsel for Heng filed an appearance and a memo in opposition to the motion, the Court and the parties agreed that it is no longer an *ex parte* motion.

reached an impasse as to the draft order. (*See* Plaintiff's proposed order attached as Exhibit A and Defendant Heng's proposed order attached as Exhibit B).

3.      At issue is the language in paragraph 1, which applies the restrictions to Heng's "agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, including any employees or agents of Lianyungang West Cross Border E-Commerce Service Co., Ltd. d/b/a Weisite." Heng believes the language is too broad and includes a third party, Weisite, that is not a defendant in this case. Plaintiffs believe the scope is appropriate because it applies to those acting on behalf of Heng or in concert with him, Heng himself has held out Weisite as his company and Weisite can be added as defendant if necessary. Moreover, Plaintiff's language parallels the language of Rule 65(d)(2)(C) for an injunction.

4.      Also at issue is the language in paragraph 1(b), which bars Heng from "Issuing any letters, opinions, pleadings, or filings in any court proceeding, administrative hearing, or private dispute resolution proceeding (including Amazon "APEX" proceedings) using any of the contact information prohibited under subparagraph (a), the attorney registration numbers prohibited under subparagraph (b), or otherwise asserting or implying an association between Defendant Zhang and Plaintiff." Heng believes the language is redundant of paragraph 1 and therefore will not agree to it. Plaintiffs believe it is appropriate to identify these specific activities, as required under Rule 65(d)(1) to prevent future irreparable harm and because the First Amended Complaint alleges that Heng did these things using Plaintiffs' name, brand, contract information, etc. Moreover, it is unclear why Heng would not agree to the language in this subparagraph and in paragraph 1 if he truly intends to not use Plaintiff's name, brand, contact information, etc.

5.      Heng made other edits the parties did not yet address, because Heng's counsel advised in the last telephone call with the undersigned that Heng is will not agree to the language

proposed by Defendants in paragraph 1.  Plaintiff respectfully requests that the Court enter its version of the order

Dated: September 3, 2025

Respectfully submitted,

BISHOP & DIEHL, LTD

s/ Patrick R. Moran_____
One of its attorneys

Patrick R. Moran, ARDC No. 6272747
Matthew D. Patterson, ARDC No. 6321918
ROCK FUSCO & CONNELLY LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
(312) 494-1000 / (312) 494-1001 (f)
pmoran@rfclaw.com
mpatterson@rfclaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this September 3, 2025.  Any other counsel of record will be served by electronic mail and/or first-class mail.

/s/  Patrick R. Moran_____

3