IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BISHOP & DIEHL, LTD (f/b/d/a BISHOP DIEHL & LEE, LTD), an Illinois Corporation <br><br> **Plaintiff,** <br><br> v. <br><br> NICHOLAS LEE and ZHANG HENG (a/k/a HENRY RICH OR WEISITE), <br><br> **Defendant.** | Case No. 1:25-cv-05395 <br><br> Honorable John F. Kness <br><br> Magistrate Judge Heather K. McShain |

**PLAINTIFF'S MOTION FOR LEAVE TO SEAL
PORTIONS OF AND EXHIBITS TO PLAINTIFF'S RESPONSE TO THE
MOTION TO SUBSTITUTE COUNSEL FOR DEFENDANT NICHOLAS LEE**

Plaintiff BISHOP & DIEHL, LTD. (the "Firm" or "Plaintiff"), through its undersigned attorneys pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 26.2, moves the Court for an Order granting it leave to file under seal: (1) portions of Plaintiff's Response to the Motion to Substitute Counsel for Defendant Nicholas Lee (the "Response"), and (2) portions of three exhibits attached to the Response, including Ex. A, an Invoice, Ex. B a Retainer Agreement, and Ex. C an email between the parties (the "Exhibits"). In support of this motion, the Plaintiff states as follows:

1. Plaintiff seeks leave to file under seal portions of its Response and the attached Exhibits. The Response and the attached Exhibits contain the personal identifying information of a Firm client, the client's bank account details, and references to the client's intellectual property and cases in which the Firm was retained to enforce intellectual property rights. These materials include or discuss commercially sensitive business information.

2. Pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 26.2(b), this Court may allow a document to be filed under seal for good cause, justifying the claim of secrecy. *Krusenoski v. LTF*

*Club Operations Co.*, No. 23 C 1772, 2025 WL 1531128 (N.D. Ill. May 29, 2025). *See* N.D. Ill. Local R. 26.2(3) ("Any motion seeking to seal a document or portion of document must articulate the basis for good cause to justify the sealing, and should do that on an item by item basis").

    3.    In the instant case, the sealed portions of the Response include only the Firm's client's information, docket numbers of cases in other jurisdictions, and patent numbers involved in those cases. As for Exhibit A, the only sealed portion of the invoice is the client's name, the patent number involved in Schedule A litigation, and Defendant Lee's bank information. For Exhibit B, the only sealed portions of the retainer agreement are the client's name, the client's patents numbers involved in Schedule A litigation, and the client's bank account information. Finally, as for Exhibit C, the only sealed portions of the email between Lee and Henry Rich is the Firm's client's name and email address, and a breakdown of wires and payments made in the various Schedule A litigation matters arising in other jurisdictions.

    4.    This information must be sealed because it discloses confidential, commercial and banking information of a Firm client that is not a party to the instant litigation. Without a seal, the Firm's client's interests could be compromised, including its bank account.

    5.    The instant motion is made in good faith and not for the purpose of delay or harassment.

    6.    Redacted versions of Defendant's Response and Exhibits are also being filed concurrently on the public docket.

    7.    On September 12, 2025, counsel for Plaintiff contacted counsels for Defendants but had not received a response regarding any objections at the time of filing. As such, if any Defendant has an objection, that objection is to be filed within seven (7) days of this motion.

    WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an order granting Plaintiff leave to file under seal: (1) portions of Plaintiff's Response to the Motion to

Substitute the Counsel of Defendant Nicholas Lee, and (2) portions of Exhibit A, an invoice, portions of Exhibit B, an engagement agreement, and portions of Exhibit C, an email, attached to the Plaintiff's Response, and for any further or additional relief the Court deems appropriate.

                                              Respectfully submitted,

                                              BISHOP & DIEHL, LTD

                                              *s/ Patrick R. Moran*
                                              One of its attorneys

Patrick R. Moran, ARDC No. 6272747
Matthew D. Patterson, ARDC No. 6321918
ROCK FUSCO & CONNELLY LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
(312) 494-1000
pmoran@rfclaw.com
mpatterson@rfclaw.com
*Attorneys for Plaintiff*