IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BISHOP DIEHL, LTD (f/d/b/a BISHOP, DIEHL & LEE, LTD), an Illinois corporation, <br><br> *Plaintiff,* <br><br> v. <br><br> NICHOLAS LEE and ZHANG HENG (a/k/a HENRY RICH or WEISITE) <br><br> *Defendants.* | Case No.: 1:25-cv-05395 <br><br> Judge John F. Kness <br><br><br> Magistrate Judge Heather K. McShain |

**DEFENDANT NICHOLAS LEE'S MOTION TO COMPEL
PRODUCTION OF INSURANCE POLICIES**

Defendant Nicholas S. Lee ("Lee"), by and through his undersigned counsel, respectfully moves this Court for an order compelling Plaintiff Bishop & Diehl, Ltd. ("the Firm") to produce copies of its insurance policies, and states as follows:

1. Plaintiff has placed allegations against Mr. Lee that implicate potential coverage under the Firm's general liability and malpractice insurance policies.

2. As correspondence reflects, Lee's prior and current counsel have repeatedly requested copies of the Firm's State Farm General Liability Policy and malpractice policy, but the Firm has refused to produce them. See attached Exhibit 1.

3. Lee was a shareholder of the Firm during the relevant period, and as such, he is entitled to review and rely upon those policies to assess coverage for claims alleged against him, and to meet any obligations arising under those policies.

4. For the policies, in addition to Lee's right to review them to determine his rights and obligations, he needs them to determine whether he is covered. He is also required to disclose responsive insurance information under Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure. Without access to the policies, he cannot comply with the Rule.

5. Federal Rule of Civil Procedure 26(a)(1)(A)(iv) expressly requires disclosure of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment." Courts consistently compel production of such policies given their direct relevance to the scope of potential recovery and defense obligations. *See, e.g., Peterson v. Hormel Foods Corp.*, 2024 WL 4198555, 2024 U.S. Dist. LEXIS 167499, at *9 (W.D. Wis. Sep. 16, 2024) (citing *Hartman v. Am. Red Cross*, No. 09-1302, 2010 U.S. Dist. LEXIS 46126, 2010 WL 1882002, at *2 (C.D. Ill. May 11, 2010) (noting a majority of district courts have concluded the same))).

6. The Firm's refusal to provide the policies prejudices Lee, prevents him from properly evaluating insurance coverage, and delays resolution of issues central to this dispute.

7. Pursuant to Local Rule 37.2, counsel for the parties held a meet-and-confer by telephone on September 24, 2025, and exchanged written communications on the issue, but were unable to resolve the dispute.

8. Although the claims against Defendant Lee have been stayed pending arbitration, the overall case remains active because claims against a co-defendant are still pending before this Court. The requested relief therefore falls within the Court's ongoing jurisdiction. This motion is not an attempt to disturb or lift the stay as to Lee, but rather a necessary step to protect him from ongoing prejudice and to ensure compliance with Rule 26(a) obligations that exist regardless of the stay.

WHEREFORE, Defendant Lee respectfully requests that the Court enter an Order compelling Plaintiff to produce, within two (2) days, complete copies of all general liability, malpractice, and other insurance policies under which coverage may exist for the claims asserted in this action, and grant such other and further relief as the Court deems just and proper.

Dated: October 3, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ John H. Choi
　　　　　　　　　　　　　　　　　　　　　John H. Choi (Bar ID: 013482003)
　　　　　　　　　　　　　　　　　　　　　JOHN H. CHOI & ASSOCIATES LLC
　　　　　　　　　　　　　　　　　　　　　65 Challenger Road, Suite 100
　　　　　　　　　　　　　　　　　　　　　Ridgefield Park, NJ 07660
　　　　　　　　　　　　　　　　　　　　　Email: jchoi@jchoilaw.com
　　　　　　　　　　　　　　　　　　　　　Tel:　　(201) 580-6600
　　　　　　　　　　　　　　　　　　　　　Fax:　　(201) 625-1108

　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Nicholas Lee*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 3, 2025.

                                                                             */s/ John H. Choi*
                                                                            John H. Choi