**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BISHOP & DIEHL, LTD (f/d/b/a BISHOP, DIEHL & LEE, LTD), an Illinois corporation | ) ) | |
| | ) | Case No. 1:25-cv-5395 |
| Plaintiff, | ) ) | |
| | ) | Judge: Hon. John F. Kness |
| v. | ) ) | |
| NICHOLAS LEE, SUZIE LEE, and ZHANG HENG (a/k/a HENRY RICH or WEISITE) | ) ) ) ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff BISHOP & DIEHL, LTD (the "Firm" or "Bishop Diehl"), through its undersigned attorneys and pursuant to Rules 15(a)(2) and 21 of the Federal Rules of Civil Procedure, submit this motion for leave to file a Second Amended Complaint, attached as Exhibit A.

1.      This matter arises out of the unlawful conduct of Nicholas Lee, a former equity partner of the Firm, and his co-conspirators, Zhang Heng (a/k/a Henry Rich or "Weisite") ("HR") and Lee's wife, Suzie Lee.

2.      Bishop Diehl initiated this lawsuit on May 15, 2025, against Lee for embezzling almost $400,000 from the Firm, unlawfully soliciting clients of the Firm to move their business to different law firm Lee had planned to join and misappropriating the Firm's name, brand, address and contact information for his own personal use. On July 1, 2025, Bishop Diehl filed a First Amended Complaint adding Heng as a co-defendant. (Dkt. 27). Bishop Diehl now seeks leave to add Lee's wife, Suzie Lee ("Suzie"), as a co-defendant, for her role in concealing Lee's misconduct while she was employed as the Firm's in-house accountant.

3.      The current fact disclosure deadline proposed by the parties is October 1, 2026, and the deadline to amend pleadings proposed by the parties is April 10, 2026.[1]  The parties are currently engaged in written discovery.

4.      The First Amended Complaint alleges that Defendant Zhang Heng acted as Lee's co-conspirator in part of the unlawful scheme to diver legal fees to Lee's personal bank account and misappropriate the Firm's name, brand, and contact information for their own personal benefit. There are no substantive changes regarding Defendant Lee or Heng in the proposed Second Amended Complaint.

5.      At the same time Lee was defrauding the Firm, his wife was the Firm's in-house accountant.  The Second Amended Complaint alleges that Suzie was responsible for preparing and sending out invoices and recording expenses.  In 2024, and with respect to certain clients referred by HR, Suzie purposely failed to create invoices for work performed by Lee and others at the firm and concealed expenses related to that work.  This was done to prevent the Firm's management from learning that the Firm's resources were being used to service clients for the exclusive benefit of Lee, Suzie and HR.

6.      The Second Amended Complaint adds Suzie as a Defendant to the existing Count VIII (unjust enrichment), Count IX (Violation of 18 U.S.C. § 1962(c) and § 1964(c)); and Count X (Civil Conspiracy).  The Second Amended Complaint also asserts two separate claims against Suzie for fraudulent concealment (Count XII) and aiding and abetting breach of fiduciary duty (Count XIII).  (See Exhibit A).

---

[1] In preparing this motion, Plaintiff became aware that the MS Word version of the scheduling order was inadvertently not submitted to the Court.  (Dkt. 79).  The undersigned will rectify this oversight.

7.      Amendment of pleadings is governed by Federal Rule of Civil Procedure 15.  Rule 15(a)(2) holds that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, as set forth in the Parties' Joint Rule 26(f) Report, any motions to amend the pleadings must be brought on or before the April 10, 2026, deadline. *See*, Dkt. 78 at p.6.

8.      Here, the Second Amended Complaint should be allowed because: (a) Bishop Diehl has identified certain actions by the Firm's former accountant and bookkeeper, Suzie Lee, which implicate her as a co-conspirator; (b) granting this motion does not prejudice the current Defendants' since it is brought before the agreed upon April 10, 2026 deadline to amend the pleadings as provided by the Parties' Joint Rule 26(f) Report, and this case is early in the discovery phase wherein discovery is not set to close until October 1, 2026; and (c) Bishop Diehl will be severely prejudiced if leave to amend is not granted, because the joined and independent claims against Suzie arise from or are related to the same facts, misconduct, racketeering activity, and transactions as the claims against Defendants Nicholas Lee, and Zhang Heng. Accordingly, Plaintiff respectfully requests leave to amend its complaint.

9.      In light of the above, Bishop Diehl respectfully requests leave to amend its Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

10.     Counsel for Bishop Diehl inquired with counsel for Defendant Heng as to whether Heng opposes this motion, and Heng does not oppose this motion.  Counsel for Bishop Diehl has not conferred with Lee's attorney because the case is stayed as to Lee.

WHEREFORE, Plaintiff BISHOP & DIEHL, LTD, respectfully requests that the Court grant this motion and enter an Order granting Plaintiff leave to file the proposed Second Amended Complaint attached as Exhibit A, and for any further and additional relief the Court deems just and appropriate.

Respectfully submitted,

BISHOP & DIEHL, LTD

s/ Patrick R. Moran
    One of its attorneys

Patrick R. Moran, ARDC No. 6272747
Matthew D. Patterson, ARDC No. 6321918
ROCK FUSCO & CONNELLY LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
(312) 494-1000 / (312) 494-1001 (f)
pmoran@rfclaw.com
mpatterson@rfclaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies pursuant to 28 U.S.C 1746 that all counsel of record are being served with a copy of this document via the Court's CM/ECF system this April 10, 2026.

s/ Patrick R. Moran