**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BISHOP DIEHL, LTD (f/d/b/a BISHOP, DIEHL & LEE, LTD), an Illinois corporation<br><br>      Plaintiff,<br>v.<br><br>NICHOLAS LEE and ZHANG HENG (a/k/a HENRY RICH or WEISITE),<br><br>      Defendants. | Case No. 1:25-cv-05395<br><br>Honorable John F. Kness<br><br>Magistrate Judge Heather K. McShain |

## <u>DEFENDANT ZHANG HENG'S OPPOSED MOTION TO COMPEL</u>

Pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure, Defendant Zhang Heng ("Defendant"), by and through undersigned counsel, respectfully submits this Motion to Compel Plaintiff Bishop Diehl, LTD ("Plaintiff") to provide full and complete responses to Defendant's Interrogatory ("ROG") Nos. 14 and 15 and Request for Production ("RFP") Nos. 4, 13, 19, and 20 (collectively, "Requests") and to pay Defendant's reasonable costs and attorney's fees pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. The documents and information sought in Defendant's Requests are central to his defense, and Plaintiff has failed to provide any justification for its withholding of certain documents and information, and failure to produce certain documents that it previously agreed to produce.

Plaintiff initiated this case but is withholding information in response to Defendant's Requests. Most significantly, Plaintiff agreed to produce the petition for arbitration and all papers submitted to the arbitrators in its arbitration with Defendant Nicholas Lee ("Lee") upon entry of the Agreed Confidentiality Order. Despite the fact that this Order was entered over two months

1

ago, Plaintiff has not yet produced any papers from its arbitration proceeding with Lee and has offered no justification for the same when probed by Defendant's counsel. Defendant is forced to seek relief from the Court to compel the production of core documents and information regarding: (1) injuries suffered and damages incurred pursuant to its claims, including but not limited to Plaintiff's financial records relevant to damages (ROG Nos. 14 & 15; RFP No. 13); (2) Plaintiff's internal communications regarding Defendant (RFP No. 4); and (3) filings and documents exchanged in discovery in Plaintiff's arbitration proceeding with Lee (RFP No. 19 & 20).

Pursuant to Local Rule 37.2 and Fed. R. Civ. P. 37(a)(1), undersigned counsel certifies that counsel's attempts to engage in consultation were unsuccessful due to no fault of counsel's. Specifically, on April 27, 2026, Defendant's counsel sent a detailed written letter identifying the discovery deficiencies at issue. Ex. 4. On May 11, 2026, Defendant's counsel requested Plaintiff's counsel's availability for a teleconference to meet and confer. Plaintiff's counsel refused to schedule the conference until after responding to the letter, stating "[t]hose times will not work. We'll talk after I respond to your letter." Ex. 5. On May 12, 2026, Plaintiff's counsel again refused to schedule a conference and stated that if Defendant's counsel wished to involve the Court, that counsel should do so without having had a proper Local Rule 37.2 conference. *Id.* On May 13, 2026, Plaintiff's counsel stated: "File a motion if you think you have a basis to do so." *Id*. Defendant takes Plaintiff's counsel at his word and does so here.

**STATEMENT OF RELEVANT FACTS**

On February 10, 2026, Defendant served his First Set of Discovery Requests on Plaintiff. Ex. 1 (Defendant Heng's First Set of ROGS, RFPS, and Requests for Admission ("RFA")). On March 12, 2026, Plaintiff served improper objections and deficient responses to the Requests.

2

*See* Ex. 2 (Plaintiff's ROG Responses); Ex. 3 (Plaintiff's RFP Responses). On March 18, 2026, Plaintiff produced documents purporting to be responsive to the Requests. In his April 27, 2026 letter, Defendant identified numerous deficiencies and requested that Plaintiff supplement or amend its responses and production within fourteen days thereafter. Ex. 4 (Letter from A. Biller to P. Moran). Plaintiff's counsel emailed Defendant's counsel on May 11, 2026 to request additional time to respond to Defendant's letter. When pushed on whether its response would supplement production or would be for mere argumentation, Plaintiff's counsel could not provide a solid answer. After additional back and forth between the parties' attorneys, Defendant's counsel requested that the parties proceed with the Local Rule 37.2 conference, and requested Plaintiff's counsel availability for a teleconference to meet and confer. Plaintiff's counsel refused to meet and confer until it responded to Defendant's letter which counsel for Plaintiff said should be forthcoming within the next two weeks at which point "[w]e can then talk if you are not happy with the response." Counsel for Plaintiff then invited a motion to compel if undersigned believed there was a basis for doing so. Ex. 5 (Moran email to Biller, May 13, 2026). Despite Defendant's extensive efforts to confer and resolve these issues without Court intervention, Plaintiff's responses remain deficient, to include Plaintiff's total failure to provide any assurances of forthcoming supplemental responses. Accordingly, Defendant moves the Court to compel Plaintiff's compliance with the rules.

## LEGAL STANDARD

Discovery is broad, may be obtained regarding any non-privileged matter that is relevant, and need not be admissible itself. Fed. R. Civ. P. 26. When a party does not respond properly to a discovery request, the party that issued the request may move for a motion to compel a proper response. Fed. R. Civ. P. 37(a); *Baxter Int'l, Inc. v. AXA Versicherung*, 224 F. Supp. 3d 648, 651

(N.D. Ill. 2016). This Court has significant discretion to independently determine the proper course of discovery. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996); *John Wiley & Sons, Ltd. v. McDonnell Boehnen Hulbert & Berghoff LLP*, No. 12 C 1446, 2013 WL 505252, at *2 (N.D. Ill. Feb. 12, 2013). Ultimately, "the burden rests upon the objecting party to show why a particular discovery request is improper." *JAB Distributors, LLC v. London Luxury, LLC*, No. 09-CV-5831, 2010 WL 4008193, at *1 (N.D. Ill. Oct. 13, 2010) (citation modified). Where a motion to compel is granted, the Court must award the moving party its reasonable expenses, including attorney's fees, unless the non-moving party's actions were justified. Fed. R. Civ. P. 37(a)(5)(A).

## ARGUMENT

Defendant has repeatedly attempted to obtain documents and information, but Plaintiff has continued to delay for delay's sake. That is insufficient. Plaintiff's evasive and incomplete responses and production must "be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(3). Plaintiff has alleged claims but still not has produced core information related to several of those claims.

**I.     Plaintiff Should Be Compelled to Produce Information and Documents Concerning Its Purported Injuries Suffered and Damages Incurred Pursuant to Its Claims (ROG Nos. 14 & 15, RFP No. 13).**

Defendant's propounded interrogatories (ROG Nos. 14 & 15) seek core information for Plaintiff's alleged injuries suffered and damages incurred as it relates to its claims: (1) each "injury to business or property" within the meaning of 18 U.S.C. § 1964(c) that Plaintiff alleges it has suffered as a direct and proximate result of Heng's alleged racketeering activity, and how such injury was caused by Heng as distinguished from Lee (ROG No. 14); and (2) its damages claim against Heng, including (a) the total amount claimed; (b) the methodology used to calculate each component of damages; (c) the documentary basis for each calculation; and (d) the

4

allocation of damages between Lee and Heng (ROG No. 15). Ex. 1 at 8. Plaintiff objected to these Requests as "premature contention interrogator[ies]" and provided a generalized response closely mirroring its allegations as plead in the Amended Complaint, which made mention of "disclosing an expert to address damages." Ex. 2 at 21–22.

Plaintiff's blanket invocation of the "contention interrogatory" objection is misplaced. While "the general policy is to defer such interrogatories until discovery is near an end. . . . courts have the discretion to allow use of contention interrogatories before discovery is complete." *Asher v. Baxter Int'l, Inc.*, No. 02 C 5608, 2005 WL 8180774, at *7 (N.D. Ill. Sept. 9, 2005). Contention interrogatories "may be proper even early in discovery when there is good reason to believe that answers . . . will contribute meaningfully to clarifying issues in the case, narrowing the scope of the dispute, or setting up early settlement discussion." *Edward Lowe Indus., Inc. v. Oil-Dri Corp. of Am.*, No. 94 C 7568, 1995 WL 399712, at *3 (N.D. Ill. July 7, 1995) (citation modified).

Here, Defendant's Requests are timely because Plaintiff's answers will contribute meaningfully to clarifying issues in the case: namely, the damages attributable to Defendant's purported actions and the methodology behind the calculations thereof. Defendants frequently use contention interrogatories to obtain information from plaintiffs regarding damages theories and methods by which damages are calculated. *See, e.g.*, *First Health Grp. Corp. v. United Payors and United Providers*, No. 96 C 2518, 1999 WL 515499, at *1 (N.D. Ill.1999) ("The whole purpose [of defendant's contention interrogatory] was to get out on the table plaintiff's damages contentions so that the defendant could explore them during the discovery period."). "Contention interrogatories that seek damage theory and methodology information from a plaintiff almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) of the

Federal Rules of Civil Procedure, seeking as they do, information about an inherent element of the claim." *U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 544 (N.D. Ill. 2005). Indeed, these Requests are analogous to Fed. R. Civ. P. 26(a)(1)(A)(iii), which requires parties to disclose "a computation of each category of damages claimed" and "make available for inspection" the documents or evidence on which each computation is based. Fed. R. Civ. P. 26(a)(1)(A)(iii). While Rule 26 does not specify the level of detail required, "courts have generally held that a plaintiff must provide enough information that the defendant may understand the contours of its potential exposure and make informed decisions regarding settlement and discovery." *Tovar Snow Pros., Inc. v. ACE Am. Ins. Co.*, No. 20-CV-01060, 2021 WL 4745376, at \*3 (N.D. Ill. Oct. 12, 2021) (citation modified).

To this end, Plaintiff has not provided a dollar estimate of its actual damages attributable to Heng's purported actions.[1] Instead, it has simply identified categories of damages and forecasted disclosing an expert to address damages. *See* Ex. 2 at 21–22. Without an estimated computation of damages, Defendant has no way of knowing what damages Plaintiff attributes to him. Without a basic method or formula by which Plaintiff contends its damages should be calculated, Defendant has no way of knowing how Plaintiff selected the damages to include in its estimate. As a result, Defendant is left unable to understand the scope of his potential exposure and precluded from preparing a defense.

Plaintiff's seeming implication that it will be unable to provide some computation and/or methodology of computation of damages prior to obtaining an expert witness does not excuse it

---

[1] Plaintiff has only identified estimates of its actual damages attributable to Lee in its claims brought exclusively against Lee. *See* Second Am. Compl. ¶¶ 108, 118, 131, 139, 147. Moreover, even if Plaintiff had provided an estimate of its actual damages attributable to Defendant, providing that information alone is insufficient. *Tovar Snow Pros., Inc. v. ACE Am. Ins. Co.*, No. 20-CV-01060, 2021 WL 4745376, at \*4 (N.D. Ill. Oct. 12, 2021) (collecting cases).

from supplementing its response. "[C]ourts have repeatedly held that plaintiffs are able to provide some computation of damages prior to obtaining expert witnesses, despite plaintiffs' contentions to the contrary." *Tovar Snow Pros*., 2021 WL 4745376, at *4. Plaintiff contends that it has suffered damages due to Defendant's alleged actions. Unless these allegations are purely speculative, Plaintiff must have some information, at a minimum relating to lost revenue "embezzled by Lee with Heng's assistance," lost revenue "paid directly to Heng instead of Plaintiff for work performed by Lee as a member of the Firm," and "payments made to Heng by Plaintiff based on the falsehood that Heng was a licensed attorney entitled to share in legal fees." Ex. 2 at 22. Otherwise, it would not have identified these damages, as well as pre- and post-judgment interest, treble damages and punitive damages in its responses to Defendant's First Set of Interrogatories. *See id.* Even if it has not yet calculated these specific categories of damages, Plaintiff should elucidate the method(s) it intends to use to calculate these damages in the future. If it cannot articulate a methodology for damages at this stage of litigation, that failure goes to the merits of its damages claim, not to the timing of disclosure. Accordingly, Plaintiff should be compelled to withdraw its improper objections and immediately respond fully to these Requests.

RFP No. 13 requests all documents reflecting or relating to Plaintiff's claimed damages, including: (a) profit-and-loss statements; (b) revenue projections; (c) expert reports; and (d) any damage calculations. Ex. 1 at 11. Similarly, Plaintiff objected to this Request as "premature" and irrelevant (with respect to subparts (a) and (b)), and provided that it would "produce its expert reports with any damages calculations." Ex. 3 at 6.

Despite Plaintiff's objections, "a request for discovery must be complied with unless it is clear that there is no possibility that the information sought may be relevant to the subject matter of the litigation." *Schaap v. Exec. Indus., Inc.*, 130 F.R.D. 384, 386 (N.D. Ill. 1990). Profit and

loss statements and revenue projections are not patently irrelevant to the calculation of damages. If Plaintiff seeks to prove that it was damaged by the diversion of fees that should have been paid to the Firm, the Firm's financial records—including what it actually earned, what it should have earned, and how Lee's compensation related to Firm revenues—are squarely relevant.

Additionally, Plaintiff has no reason to withhold production of documents pertaining to damages and the computation thereof prior to obtaining an expert witness. While Defendant understands that a precise calculation of Plaintiff's alleged damages may need to wait future expert analysis, Plaintiff would not have enumerated the aforementioned categories of damages had it not had some information. Taking into consideration that expert discovery has not yet opened, *see* Scheduling Order (ECF No. 92), at a minimum, Plaintiff should be compelled to produce documents responsive to subparts (a), (b), and (d) of this Request.

## II.  Plaintiff Should Be Compelled to Produce Its Internal Communications Regarding Defendant (RFP No. 4).

RFP No. 4 requests that Plaintiffs produce all its "internal communications regarding Heng, any d/b/a corresponding to Heng, and any company with which he is affiliated, to include Weisite." Ex. 1 at 9. Plaintiff objected to this Request on the grounds that its entire scope was directed at information protected by the attorney-client privilege and/or work product doctrine. Ex. 3 at 3. As further described below, such boilerplate objections violate the Federal Rules of Civil Procedure, as well as fail to establish the existence of the attorney-client privilege and/or work product doctrine and therefore fail as a matter of law.

### A.  Fed. R. Civ. P. 26(b)(5)

Under Rule 26(b)(5) of the Federal Rules of Civil Procedure,

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the

> documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). To this end, "[a]n attorney asserting privilege must timely support that claim with a 'privilege log' which describes the nature of each document being withheld." *Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006); *Rao v. Bd. of Trustees of the Univ. of Illinois*, No. 14-cv-0066, 2016 WL 6124436, at *7 (N.D. Ill. 2016) ("A timely and adequate privilege log is required by the federal rules, and the failure to serve an adequate and timely privilege log may result in a waiver of any protection from discovery."). In the present matter, Plaintiff has not produced a privilege log. This failure leaves Defendant completely unable to appropriately assess the validity of Plaintiff's claims of attorney-client privilege and/or work product doctrine.

## B. Attorney-Client Privilege

In the Seventh Circuit, the attorney-client privilege applies:

> (1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983). The party seeking to invoke the attorney-client privilege has the burden of establishing all of its essential elements. *Id.* "The claim of privilege must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable." *Id.* "The scope of the privilege must be strictly confined within the narrowest possible limits." *Id.* (citation modified). Thus, "the relationship itself does not create a cloak of protection which is draped around all occurrences and conversations which have any bearing, direct or indirect, upon the relationship of the attorney with his client." *In re Walsh*, 623 F.2d 489, 494 (7th Cir. 1980).

Plaintiff's objection fails to meet these requirements: it provided no description or explanation as to why its internal communications relating to Heng are privileged. It did not identify which communications in its possession were subject to this privilege, let alone disclose whether any communications of this nature existed. This Court "has rejected these unadorned boilerplate 'objections' as tantamount to no objections at all." *Extended Care Clinical v. Scottsdale Ins.*, No. 20 C 7132, 2021 WL 2894163, at *2 (N.D. Ill. July 8, 2021) (collecting cases). Without more, Plaintiff has failed to sustain its burden regarding the elements of the attorney-client privilege in order to invoke that privilege.

To be clear, the mere fact that Plaintiff is a law firm does not automatically make all internal communications regarding Defendant subject to the attorney-client privilege. The attorney-client privilege protects only the confidential communication of legal advice—it does not insulate the underlying facts of a business relationship from discovery. Business discussions among Firm partners and employees about Heng's relationship with the Firm, concerns raised about his conduct, discussions about whether to continue or terminate the arrangement, and communications about the Firm's financial dealings with Heng-referred clients are quintessentially factual, non-privileged communications. Accordingly, if such communications exist, Plaintiff should be compelled to produce them.

### C. Work Product Doctrine

"The work product doctrine is distinct from, and broader than, the attorney-client privilege." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 86 (N.D. Ill. 1992). "[T]he threshold determination in any case involving an assertion of the work product privilege, including this case, is whether the materials sought to be protected from disclosure were in fact

prepared in anticipation of litigation." *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983).

Once again, not all of Plaintiff's internal communications pertaining to Defendant could conceivably be protected work product. Ordinary business communications about Defendant that predate any litigation—including those concerning the Firm's referral relationship, billing practices, and client management—were not prepared in anticipation of litigation and are not protected work product. Additionally, to the extent Plaintiff conducted an investigation of Lee and Heng's relationship prior to initiating litigation, that fact alone does not preclude Plaintiff from producing communications related thereto. *See Binks Mfg. Co.*, 709 F.2d at 1119 ("A more or less routine investigation of a possibly resistable claim is not sufficient to immunize an investigative report developed in the ordinary course of business. Some recent cases have suggested the need for objective facts establishing an identifiable resolve to litigate prior to the investigative efforts resulting in the report before the work product doctrine becomes applicable." (citation modified)). Therefore, Plaintiff should be compelled to produce all non-privileged internal communications relating to Defendant.

**III.     Plaintiff Should Be Compelled to Produce All Documents Submitted to the Arbitrator(s) in Its Arbitration Proceeding with Lee (RFP Nos. 19 & 20).**

RFP No. 19 requests that Plaintiffs produce all "deposition transcripts, declarations, affidavits and written discovery responses from your arbitration with Lee." Ex. 1 at 12. RFP No. 20 requests that Plaintiffs produce "[t]he arbitration petition with Lee and all arbitration papers submitted to the arbiter(s) of that proceeding." *Id.* . Plaintiff objected to these Requests as "overly broad, unduly burdensome, seeks information that is not relevant to any claim or defense specific to Heng and is disproportionate to the needs of the case." Ex. 3 at 7. With respect to RFP No. 20, Plaintiff further objected  "to the extent it calls for materials Plaintiff may be prohibited

11

from sharing under the applicable arbitration rules without consent of the parties to the arbitration." *Id.* Despite the objections, Plaintiff agreed to produce "relevant and responsive documents to the extent allowed under the arbitration rules, upon entry of the Agreed Confidentiality Order." *Id.*

The arbitration proceeding between Plaintiff and Lee arises from the identical course of conduct that forms the basis of this lawsuit. Plaintiff's claims against Heng are substantially intertwined with its claims against Lee. The arbitration papers will bear directly on: (1) how Plaintiff has characterized Lee's conduct and the scope of his misconduct in a parallel proceeding; (2) what evidence and valuations Plaintiff has marshaled in support of its damages claims against Lee; (3) whether Plaintiff's arbitration positions are consistent with or contradictory to its litigation positions; and (4) whether any award or settlement in arbitration offsets Plaintiff's claimed damages against Heng. Therefore, this information materially relevant to Defendant's defense.

Plaintiff's objection that it "may be prohibited from sharing [materials] under the applicable arbitration rules without consent of the parties to the arbitration" goes directly against the applicable arbitration rules and its own agreements. Plaintiff has not identified any provision of the American Arbitration Association's ("AAA") Commercial Arbitration Rules and Mediation Procedures that prohibits the sharing of documents filed or submitted to the arbitrator(s) in relation to the arbitration proceeding. That burden is on Plaintiff alone, an analysis they were obligated to conduct *when the responses were due*, not months later (and apparently, still not yet). Plaintiff's failure is likely not merely a lack of diligence; no such provisions appear to exist. Indeed, R-45(a) of the AAA's Commercial Arbitration Rules provides that, "[u]nless otherwise required by applicable law, *court order*, or *the parties' agreement*, the

12

AAA and the arbitrator shall keep confidential all matters relating to the arbitration or the award." AAA Commercial Arbitration Rules & Mediation Procedures Rule R-45(a) (2022) (emphasis added). All parties to the present matter agreed to—and the Court ordered—a Confidentiality Order identifying the arbitration proceeding as "confidential information which Defendant is permitted to review. *See* Agreed Confidentiality Order at 3–4 (ECF No. 82). Plaintiff has no legitimate reason to continue withholding its production of these documents.

**IV.      This Court Should Award Defendant his Reasonable Attorney's Fees.**

The Court "must . . . require the party or deponent whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" if it grants the motion to compel. Fed. R. Civ. P. 37(a)(5)(A). Defendant has attempted to meet with Plaintiff on all of the discovery disputes discussed above and provided Plaintiff with multiple opportunities to cure its deficiencies. However, Plaintiff has refused to meet and confer until it has responded to Defendant's Rule 37 letter.

Nor are Plaintiff's objections and withholding of information proper. The information sought is relevant to the core issues in the case, and Plaintiff has no defensible basis for withholding its responses. In the Seventh Circuit, an award of attorney's fees is presumed when a motion to compel is granted; the burden falls on the non-complying party to demonstrate that its actions were "substantially justified or that other circumstances make an award of expenses unjust." *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994). Plaintiff cannot carry that burden here: its boilerplate privilege objections, its failure to produce a privilege log, and its months-long refusal to produce documents it agreed to produce are each independently unjustifiable. Therefore, Defendant is entitled to the attorneys' fees incurred in bringing this motion. *See, e.g.*, *Nat'l Bus. Sys., Inc. v. AM Int'l, Inc.*, 109 F.R.D. 172, 174 (N.D. Ill. 1986); *Persson v. Faestel Invs., Inc.*, 88 F.R.D. 668, 671 (N.D. Ill. 1980).

13

**CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that this Court enter an Order compelling Plaintiff to provide full and complete responses to the discovery requests identified herein, and require Plaintiff to pay Defendant's reasonable attorney's fees and costs incurred in having to bring this Motion.

Dated: May 20, 2026                                    Respectfully submitted,

                                                       */s/Anthony J. Biller*
                                                       Anthony J. Biller*
                                                       Sophia M. Vouvalis*
                                                       Envisage Law
                                                       P.O. Box 30099
                                                       Raleigh, North Carolina 27622
                                                       Phone: (919) 268-8998
                                                       Facsimile: (984) 212-5164
                                                       ajbiller@envisage.law
                                                       svouvalis@envisage.law

                                                       *Attorneys for Defendant Zhang Heng*
                                                       *admitted pro hac vice


                                                       Carlos A. Vera
                                                       Johnson & Bell, Ltd.
                                                       33 West Monroe Street
                                                       Suite 2700
                                                       Chicago, Illinois 60603
                                                       Phone: (312) 372-0770
                                                       Facsimile: (312) 372-9818
                                                       verac@jbltd.com

                                                       *Local Counsel*