# ENVISAGE LAW

www.envisage.law
Tel: 984.344.9191
ajbiller@envisage.law

P.O. Box 30099
Raleigh, NC 27622

April 27, 2026

**VIA EMAIL**

Patrick R. Moran
Matthew D. Patterson
Rock Fusco & Connelly, LLC
333 W. Wacker Dr., 19th Floor
Chicago, Illinois 60606
pmoran@rfclaw.com
mpatterson@rfclaw.com

> RE: ***Bishop & Diehl, Ltd. v. Lee et al.***, No. 1:25-cv-05395 (N.D. Ill. 2025)
> **Fed. R. Civ. P. 37**

Dear Patrick:

We write pursuant to Fed. R. Civ. P. 37(a)(1) and N.D. Ill. L.R. 37.2 regarding deficiencies in Plaintiff Bishop Diehl, Ltd.'s Responses to Defendant Heng's First Set of Interrogatories, First Set of Requests for Production, and the corresponding document production provided under the Agreed Confidentiality Order. Although Plaintiff's initial production—received following entry of the Confidentiality Order—has resolved certain deficiencies identified when the written responses were served on March 12, 2026, a number of material gaps and noncompliant responses remain. We detail our concerns below.

## Issues Relevant To All Discovery Responses

Requirement to Identify Whether Information Is Withheld. "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34. Despite this, Plaintiff failed to identify whether it was withholding information based on its objections. Immediately have Plaintiff identify whether it is withholding information based on objections.

## Interrogatories

Interrogatory Nos. 14 & 15. Interrogatory No. 14 seeks identification of each injury to Plaintiff's business or property within the meaning of 18 U.S.C. § 1964(c) caused by Heng, and

Mr. Patrick R. Moran
April 27, 2026
Page **2** of **4**

to distinguish those injuries from injuries caused by Lee. Interrogatory No. 15 seeks identification of the total amount of damages claimed against Heng, the methodology used to calculate each component of damages, the documentary basis for each calculation, and the allocation of damages between Lee and Heng. Plaintiff objected to both Interrogatories as "premature contention interrogatories" and cross-referenced its answers to other interrogatories, providing no dollar figures, no damages allocation, and no methodology. Plaintiff noted that it "anticipates disclosing an expert to address damages" and reserved further response until expert disclosure. "[C]ourts have repeatedly held that plaintiffs are able to provide some computation of damages prior to obtaining expert witnesses, despite plaintiffs' contentions to the contrary." *Tovar Snow Pros., Inc. v. ACE Am. Ins. Co.*, No. 20-CV-01060, 2021 WL 4745376, at *4 (N.D. Ill. Oct. 12, 2021) (collecting cases). Indeed, Rule 26(a) requires parties to provide, without awaiting a discovery request, "a computation of each category of damages claimed by the disclosing party" along with supporting material. Fed. R. Civ. P. 26(a)(1)(A)(iii). Basic damages identification is fundamental discovery information that parties must provide regardless of whether it constitutes a contention interrogatory. To this end, please provide a complete response.

<u>Requests for Production</u>

Request No. 3. This request seeks all communications between Plaintiff and Heng. No WeChat records have been included in the production, despite the fact that Plaintiff's own Answer to Interrogatory No. 1(d) expressly acknowledges that Defendant Heng "often told Defendant Lee that a payment was sent to him with a screenshot provided via WeChat" and that Plaintiff "has not yet obtained a complete record of the WeChat communications between Defendant Heng and Defendant Lee." Please confirm whether Plaintiff currently possesses any WeChat communications between Heng and Lee. If Plaintiff has already obtained any WeChat records, please produce them immediately, as they are plainly responsive to this request and have already been withheld beyond any reasonable time for production.

Request No. 4. This request seeks all of Plaintiff's internal communications regarding Heng. Plaintiff objected to this request on the basis that the entire scope of the request is directed at information protected by the attorney-client privilege and/or work product doctrine. As a gating matter, for an employment related dispute occurring within the context of a law firm, please let us know whether you are aware of precedent establishing that all of the employer's internal communications constitute privileged communications. Further, such blanket claims of privilege are insufficient. Rule 26(b) requires that a party who withholds otherwise discoverable information must "describe the nature of the documents, communications, or things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Compliance with Rule 26(b)(5)(A)(ii) "is generally done through a privilege log." *RBS Citizens,*

Mr. Patrick R. Moran
April 27, 2026
Page **3** of **4**

*N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. 2013). To this end, please identify whether Plaintiff is withholding responsive documents based on its objections to this request. If such documents exist, please produce a privilege log that identifies for each separate document the following information: the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why the document is privileged.

Request No. 7. This request seeks all documents reflecting or relating to the "fake invoice" described in Paragraph 25 of the First Amended Complaint, including: (a) the invoice itself; (b) Plaintiff's standard invoice format; (c) any documents showing how the invoice was generated; and (d) any documents showing payment pursuant to the invoice. Plaintiff expressly agreed to produce documents responsive to all four subparts, subject to entry of the Agreed Confidentiality Order. The Agreed Confidentiality Order has now been entered. To date, Plaintiff has produced only the invoice itself (i.e., BD000536). No standard invoice template, no documents showing how the invoice was generated (e.g., metadata, software records, or communications regarding the invoice's creation), and no payment confirmation or transfer record showing payment pursuant to the invoice have appeared in the produced materials. Please identify whether and to what extent Plaintiff is withholding documents and produce all responsive materials immediately.

Request No. 12. This request seeks all billing records, time entries, invoices, and payment records for any matter involving any client referred by Heng. Plaintiff expressly agreed to produce documents responsive to this request, subject to entry of the Agreed Confidentiality Order. The Agreed Confidentiality Order has now been entered. To date, Plaintiff has not produced any invoices or payment records responsive to this request. Please identify whether and to what extent Plaintiff is withholding documents and produce all responsive materials immediately.

Request No. 13. This request seeks all documents reflecting or relating to Plaintiff's claimed damages, including: (a) profit-and-loss ("P&L") statements; (b) revenue projections; (c) expert reports; and (d) any damage calculations. Plaintiff objected on the grounds that the request is "premature," and that P&L statements and revenue projections are "not relevant to damages," reserving production until expert disclosure. "However, courts have repeatedly held that plaintiffs are able to provide some computation of damages prior to obtaining expert witnesses, despite plaintiffs' contentions to the contrary." *Tovar Snow Pros., Inc.*, 2021 WL 4745376, at *4. Additionally, Plaintiff's objection that P&L statements are not relevant to damages is directly contradicted by its own pleadings. *See* First Am. Compl. ¶ 115. Please identify whether and to what extent Plaintiff is withholding documents and produce all responsive materials immediately.

Mr. Patrick R. Moran
April 27, 2026
Page **4** of **4**

Request No. 20. This request seeks the arbitration petition and all arbitration papers submitted to the arbitrators in Plaintiff's arbitration with Lee. Plaintiff expressly conditioned its production commitment on entry of the Agreed Confidentiality Order, stating it "will provide relevant and responsive documents to the extent allowed under the arbitration rules, upon entry of the Agreed Confidentiality Order." The Agreed Confidentiality Order has now been entered. To date, Plaintiff has not produced any documents responsive to this request, nor identified any applicable arbitration rule barring disclosure of the same. Please identify whether and to what extent Plaintiff is withholding documents and produce all responsive materials immediately.

Conclusion

We request that Plaintiff supplement or amend its responses and production as described above within fourteen (14) days of the date of this letter. We are available to discuss Plaintiff's discovery responses by teleconference and are happy to work with you to find a mutually convenient date and time to confer. Heng's review of Plaintiff's responses and production is ongoing. Nothing herein should be construed as a waiver of any other concerns or shortcomings in Plaintiff's responses. Please let me know if you have any questions.

Sincerely,

*Anthony J. Biller*