**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BISHOP & DIEHL, LTD (f/d/b/a BISHOP, DIEHL & LEE, LTD), an Illinois corporation | ) | Case No. 1:25-cv-05395 |
| Plaintiff, | ) | Judge John F. Kness |
| v. | ) | Magistrate Judge Heather K. McShain |
| NICHOLAS LEE and ZHANG HENG (a/k/a HENRY RICH or WEISITE) | ) | JURY DEMAND REQUESTED |
| Defendants. | ) | |

**AGREED MOTION TO REOPEN DISCOVERY**

Plaintiff, BISHOP & DIEHL, LTD, and Defendants ZHANG HENG (a/k/a HENRY RICH or WEISITE) and SUZIE LEE, through their respective undersigned attorneys, submit this submit this Agreed Motion to Reopen Discovery.

1. The Parties have conferred and agreed that discovery should be reopened for the limited purpose of conducting the depositions of Nicholas Lee, Suzie Lee, Edward Bishop, Robert Diehl and Zhang Heng, subject to the following conditions.

   a. The depositions of Suzie Lee, Nicholas Lee, Edward Bishop, Robert Diehl will be taken before the arbitration scheduled for November 30, 2026, with sufficient time to obtain transcripts of these depositions before the arbitration.

   b. The deposition of Zhang Heng will be taken after the written arbitration decision has been issued in the related arbitration between Plaintiff and Nicholas Lee. Heng's deposition shall be taken via Zoom with a translator present for Heng should he need it, during business hours Central Standard Time. Heng will be physically present in Hong Kong for the deposition.

2. The parties have conferred and agree that good cause exists to reopen discovery for these depositions. The parties had completed most written discovery by mid-August and were prepared to take depositions in September. Before August, Plaintiff and Heng had each produced

more than 20,000 pages of records. Lee also produced over 1,000 pages of records. Plaintiff and the Lees held off on taking depositions as they explored settlement throughout September. This time was also used to resolve the dispute over the location and method for taking Heng's deposition.

3. The parties have been diligent in discovery before requesting this extension. *Compare Owens v. Wexford Health Sources, Inc.*, No. 22-2882, 2024 WL 5363944, at *3 (7th Cir. Dec. 30, 2024) (Court upholding denial of discovery extension where movant "did not conduct any discovery [while discovery was open] and moved for an extension two months after the deadline"). Here, all parties engaged in significant written discovery and discussed dates for depositions before discovery closed. During the month of September, Plaintiff and the Lees continued to engage in settlement discussions, the Lees produced financial records pursuant to those discussions and Plaintiff and Heng worked to resolve a dispute over the location of Heng's deposition. By comparison, the movant in Owens did nothing during discovery and waiting two months after discovery closed to move for an extension.

4. Any neglect is also excusable. *See Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) (To find "excusable neglect," courts should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay). In *Bowman*, the movant failed to explain the reason for the delay and therefore did not demonstrate excusable neglect. *Id*. This case is different.

5. Throughout September, the parties had discussed dates to take depositions, with the understanding that discovery would need to be extended for this purpose. The dispute regarding Heng's deposition was not resolved until September 16, 2026, and in the latter half of September, Plaintiff was reviewing records produced by the Lees regarding settlement and communicated its

final settlement position on September 30, 2026. The Lees have indicated an intent to respond to this settlement position. Meanwhile, on September 30, 2026, all three parties realized the joint status report was due the previous day. Plaintiff immediately began preparing a report to be filed September 30, 2026, but this was delayed in part to additional discovery disputes that surfaced at that time.

6. Given that the parties seek limited discovery, they respectfully request that the Court grant this motion and order the depositions to proceed as requested in paragraph 1 above.

WHEREFORE, the parties respectfully request that the Court grant this motion and reopen discovery as follows, and for any further and additional relief the Court deems just and appropriate:

a) For the purpose of taking the depositions of Nicholas Lee, Suzie Lee, Edward Bishop and Robert Diehl, which must be completed within a sufficient time before November 30, 2026 for the parties to obtain deposition transcripts;

b) For the purpose of taking Zhang Heng's deposition after the written arbitration decision has been issued in the related arbitration between Plaintiff and Nicholas Lee, via Zoom during business hours Central Standard Time, with a translator to be provided, and Heng located in Hong Kong.

Respectfully submitted,

Plaintiff
BISHOP & DIEHL LTD

*<u>/s/ Patrick R. Moran</u>*
Patrick R. Moran
Matthew D. Patterson
ROCK FUSCO & CONNELLY LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
(312) 494-1000 / (312) 494-1001 (f)
pmoran@rfclaw.com
mpatterson@rfclaw.com

DEFENDANT ZHANG HENG

*/s/ Anthony J. Biller*
Anthony J. Biller
Sophia M. Vouvalis
ENVISAGE LAW
P.O. Box 30099
Raleigh, North Carolina 27622
Phone: (919) 268-8998
Facsimile: (984) 212-5164
ajbiller@envisage.law
svouvalis@envisage.law

DEFENDANT SUZIE LEE

*/s/ Gregory Wilkowski*
Gregory Wilkowski
Burhanuddin Law LLC
77 W. Wacker Dr., Ste. 4500
Chicago, IL 60601
Ph: (312) 216-5174
greg@burhanuddinlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this October 13, 2026. Any other counsel of record will be served by electronic mail and/or first-class mail.

*/s/ Patrick R. Moran*